UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN THOMAS WOLFENBARGER,

Plaintiff,

v.

Case No. 24-cv-10616
HON. MARK A. GOLDSMITH

HEIDI WASHINGTON, et al.,

Defendants.
___________________________________/

**OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION IN PART AND DENYING IT IN PART (Dkts. 91, 93), (2) SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS (Dkt. 94), (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING IT IN PART (Dkt. 75), (4) ADOPTING REPORT AND RECOMMENDATION IN PART AND DENYING IT IN PART (Dkt. 96), (5) SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS (Dkt. 99), AND (6) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (Dkt. 74)**

These matters are before the Court on Magistrate Judge David R. Grand's two Reports and Recommendations (R. & R.) recommending that the Court grant in part and deny in part Defendants' motion for summary judgment (Dkt. 75) and grant in part and deny in part Defendants' motion to dismiss (Dkt. 74). See MSJ R. & R. (Dkt. 91, 93); MTD R. & R. (Dkt. 96).[1] Defendants Sherman Campbell, Troy Chrisman, Scott Cline, Darley Lawson, William

[1] Defendants filed their motion to dismiss and motion for summary judgment within a day of each other (Dkts. 74, 75). The MSJ R. & R. addressed exhaustion issues, while the MTD R. & R. addressed other defense challenges to the claims.

The Magistrate Judge filed an amended MSJ R. & R. found at Dkt. 93. The amended R. & R. only contains a correction to the original R. & R., which is not relevant to what is addressed in this Opinion; it also does not contain a full recitation of the R. & R. found at Dkt. 91. Am. MSJ R. & R. at PageID.1698–1700. Defendants do not object to anything in the amended MSJ R. & R. See MSJ Obj (Dkt. 94) ("Objection to 91 Report and Recommendation . . ."). When the Court cites

Matthews, Bryan Morrison, Jennifer Rohrig, and Russell Rurka filed objections as to the MSJ R. & R. (Dkt. 94). Chrisman, Cline, Morrison, and Rurka also filed objections to the MTD R. & R. (Dkt. 99).[2] The Court reviews de novo those portions of the R. & R. to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

For the reasons set forth below, the Court (i) adopts the recommendation in both R. & R.s in part and overrules them in part, (ii) sustains Defendants' objections in part and overrules them in part, (iii) grants Defendants' motion for summary judgment in part and denies it in part, and (iv) grants Defendants' motion to dismiss in part and denies it in part.

## I. BACKGROUND

The full relevant factual background is set forth in both R. & R.s. MSJ R. & R. at PageID.1653–1661; MTD R. & R. at PageID.1730–1737. Wolfenbarger's complaint alleges twelve claims:

> 1. First Amendment claims against Morrison, Chrisman, and Rurka based on alleged 'true verbal threats' made in retaliation for protected conduct of communicating with a reporter regarding LCF's [Lakeland Correctional Facility] alleged inhumane living conditions. (ECF No. 16, PageID.157-58; ECF No. 46, PageID.687);
>
> 2. A Monell claim based on Morrison's alleged orchestrating and ratifying of retaliatory actions against Wolfenbarger for his protected conduct in facilitating an investigation into LCF's inhumane living conditions. (ECF No. 16, PageID.159-61; ECF No. 46, PageID.687);
>
> 3. A civil conspiracy claim based on the alleged agreement and plan among all Defendants to retaliate against Wolfenbarger for his protected conduct in facilitating an investigation into LCF's inhumane living conditions. (ECF No. 16, PageID.162-65; ECF No. 46, PageID.688);

---

the MSJ R. & R., it is referring to the R. & R. found at Dkt. 91. If the citation is to the "Am. R. & R. MSJ," it is referring to the R. & R. found at Dkt. 93.

[2] The briefing for the motion for summary judgment also includes Wolfenbarger's response (Dkt. 86) and Defendants' reply (Dkt. 90). The briefing for the motion to dismiss also includes Wolfenbarger's response (Dkt. 87) and Defendants' reply (Dkt. 89).

4. First Amendment retaliation claims against Morrison, Chrisman, and Rurka based on allegedly instituting a 'pressured campaign of extortion and coercion' to identify the source of inmate communication to Egan, transferring Wolfenbarger to ARF for his communications to Egan, and sanctioning an inmate assault/attempted murder after his transfer to ARF [Gus Harrison Correctional Facility]. (ECF No. 16, PageID.165-67; ECF No. 46, PageID.688);

5. First Amendment claims against Morrison, Chrisman, Rurka, and Matthews based on alleged illegal seizures of seizing outgoing prisoner mail and confiscation of exculpatory legal documentation from Wolfenbarger's possession. (ECF No. 16, PageID.167-69; ECF No. 46, PageID.688);

6. Claims for intentional infliction of emotional distress against Morrison, Chrisman, Rurka, Matthews, Campbell, West, John Doe 1, and John Doe 5. (ECF No. 16, PageID.169-71; ECF No. 46, PageID.688);

7. Eighth Amendment deliberate indifference claims against Morrison and Rurka based on their alleged instructing of him to violate other prisoners' property rights, which fostered an environment of hostility by other inmates against Wolfenbarger. (ECF No. 16, PageID.171-73; ECF No. 46, PageID.688);

8. Eighth Amendment deliberate indifference claims against defendants Morrison, Chrisman, Rurka, and Cline based on inhumane living conditions at LCF. (ECF No. 16, PageID.173-75; ECF No. 46, PageID.688);

9. Eighth Amendment claim against defendants Morrison, Chrisman, Rurka, Cline, Matthews, Campbell, West, and John Does 1-5 based on allegedly facilitating unnecessary and wanton infliction of pain via a sanctioned inmate assault from other inmates, or otherwise failing to protect Wolfenbarger from such assault. (ECF No. 16, PageID.174-78; ECF No. 46, PageID.689);

10. An Equal Protection 'class-of-one' claim based on his disparate treatment as the only 'clerk' who was transferred to ARF and never returned to LCF. (ECF No. 16, PageID.178-79; ECF No. 46, PageID.689).

11. A civil RICO conspiracy alleging that defendants formed an 'association-in-fact' enterprise to deprive Wolfenbarger 'of liberty and property' in order to 'prevent[] their exposure to criminal and civil liabilities by silencing [his] rights of free speech' and seizing his property 'without due process.' (ECF No. 16, PageID.179-83; ECF No. 46, PageID.689); and

12. A claim against Washington for 'purposefully acquiesce[ing] to Def. Morrison's custom, pattern, and practice of violating [Wolfenbarger's]

> rights to be free from the cruel and unusual punishment of deliberate indifference to the health and safety of a prisoner.' (ECF No. 16, PageID.183-84; ECF No. 46, PageID.689).

7/21/25 Order Denying Motion to Strike at PageID.1325–1327 (Dkt. 65); see Am. Compl. (Dkt. 16).

### A. Motion for Summary Judgment R. & R.

The summary judgment R. & R. recommends that the Court grant Defendants' motion for summary judgment in part and deny it in part. MSJ R. & R. at PageID.1692–1693. Specifically, the R. & R. recommends that Counts 1, 7, 8, and 12 should be dismissed in their entirety. Id. at PageID.1692. Counts 4 and 6 should be dismissed only as to the alleged "pre-transfer" retaliation. Id. Count 5 should be dismissed as to Morrison, Chrisman, Rurka, and Cline. Id. And Campbell, Rohrig, Lawson, and Washington should be dismissed from the case. Id.

The R. & R. states that should it be adopted in full, the remaining claims are:

- Count 2 Monell claim against Morrison;
- Counts 3 and 11 'civil conspiracy' claims against Morrison, Chrisman, Rurka, Cline, Matthews, John Does 1-5, R. Buhl, and TCF [Thumb Correctional Facility] 'mailroom supervisor[;]'
- Count 4 First Amendment retaliation against Morrison, Chrisman, Rurka, and Cline for Wolfenbarger's transfer to ARF and the subsequent assault;
- Count 5 First Amendment retaliation against TCF '[m]ailroom [s]upervisor[;]'
- Count 6 intentional infliction of emotional distress against Morrison, Chrisman, Rurka, Cline, John Doe 1, John Doe 5, Inspector West, and Campbell, other than as it relates to alleged 'pre-transfer' retaliation;
- Count 9 Eighth Amendment deliberate indifference against Morrison, Chrisman, Rurka, Cline, Matthews, and John Does 1–5; and
- Count 10 equal protection against Morrison.

MSJ R. & R. at PageID.1692–1693; Am. MSJ R. & R. at PageID.1700.

Defendants make three objections to the MSJ R. & R. MSJ Obj. at PageID.1707–1718.

**B. Motion to Dismiss R. & R.**

The MTD R. & R. recommends that the Court grant Defendants' motion to dismiss in part and deny it in part. MTD R. & R. at PageID.1783. Specifically, the R. & R. recommends that Counts 2, 3, 5, 10, and 11 be dismissed in their entirety. Id. It also recommends that Matthews, Buhl, Campbell, and West should be dismissed from the case. Id. It recommends that Count 4 be dismissed as to Chrisman and Rurka and that Count 9 should be dismissed as to Matthews, John Doe 1, and John Doe 5. Id. Lastly, it recommends that the forms of declaratory and injunctive relief that Wolfenbarger requests in paragraphs 117, 119, and 121–131 of his complaint be dismissed. Id.

The R. & R. states that should it be adopted in full, the remaining claims are:

- Count 4 – First Amendment retaliation against Morrison and Cline for Wolfenbarger's transfer to ARF and the subsequent assault;
- Count 6 – IIED against Morrison, Chrisman, Rurka, Cline, and John Does 1 and 5; and
- Count 9 – Eighth Amendment deliberate indifference against Morrison and Cline, and John Does 2-4.

Id.

Defendants make five objections. MTD Obj. at PageID.1794–1803.

## II. ANALYSIS

**A. Summary Judgment R. & R.**

Defendants make three objections to the summary judgment R. & R. MSJ Obj. at PageID.1707–1718. The Court sustains two objections and overrules one.

**1. Objection 1**

Defendants first object to the R. & R.'s conclusion that the ARF-238 grievance is exhausted as to Count 6. MSJ Obj. at PageID.1707–1712. The R. & R. found that the grievance was timely because Wolfenbarger was grieving the "ongoing denial of requested information." MSJ R. & R. at PageID.1680. However, as Defendants' objection points out, Wolfenbarger explicitly waived his claim related to ARF-238. MSJ Obj. at PageID.1707; MSJ Resp. at PageID.1577 ("Plaintiff voluntarily henceforth waives the pursuance of grievances . . . ARF-23-03-238-28E pertaining to this complaint."); MSJ Reply at PageID.1643 ("Wolfenbarger waived pursuing grievances LCF-325, ARF-284, and ARF-238, conceding that they were not exhausted."). Because Wolfenbarger explicitly waived his grievance in ARF-238, the Court agrees with Defendants that ARF-238 exhausted Count 6.

Defendants raise a secondary argument in their first objection that the R. & R. "erred in its analysis by interpreting grievance ARF-238 as raising an ongoing issue" and by "misinterpreting caselaw." MSJ Obj. at PageID.1709–1712. Because the Court found that Wolfenbarger waived this grievance, the Court need not address Defendants' secondary argument.

Objection 1, as it relates to Defendants' argument that Wolfenbarger waived pursuing ARF-238, is sustained.

**2. Objection 2**

Defendants' second objection is similar to their first. They argue that the R. & R. erred by finding that LCF-325 exhausted Counts 3, 4, 6, 9, and 11 because, again, Wolfenbarger explicitly waived LCF-325; and argue that even if LCF-325 is not waived, the R. & R. erred in its finding that LCF-325 was untimely. MSJ Obj. at PageID.1712–1713. As discussed, the Court has already determined that Wolfenbarger's waiver was unequivocal. Therefore, the Court need not address Defendants' argument that LCF-325 was also untimely.

Objection 2, as it relates to Defendants' argument that Wolfenbarger waived pursuing LCF-325, is sustained.

**3. Objection 3**

Defendants next object to the R. & R.'s finding that there is a question of fact as to whether Wolfenbarger had a valid reason for his late-filed ARF-791 grievance, and that it also erred in finding that Wolfenbarger's references to unnamed persons in the grievance was sufficient for exhaustion. MSJ Obj. at PageID.1713–1718. The R. & R. found that there was a question of fact as to whether Wolfenbarger provided good reason for delay in filing ARF-791 because his grievance alleged that he had been "savagely assaulted" and that he submitted his grievance as soon as he was physically able to do so. MSJ R. & R. at PageID.1672–1675. The R. & R. also found that the grievance was exhausted despite the fact that Wolfenbarger did not specifically name all the individuals against whom he filed his grievance. Id. at PageID.1675–1678. The Court agrees with the R. & R.

The Defendants argue that two letters that Wolfenbarger wrote to wardens at the jail demonstrate that he could have filed his grievance in a timely fashion. Obj. at PageID.1714–1717. Defendants explain that Wolfenbarger's ability to produce a four-page letter and a two-page letter—one of which he claims to have written himself—demonstrates that he could have filed a timely grievance. Id. at PageID.1715.

While Defendants' argument may well be correct, what they have described is a question of fact that must be evaluated by a jury. The R. & R. pointed to several facts, including that Wolfenbarger "received emergency medical care . . . was hospitalized, concussed, [and] placed with an MDOC fragile/frail convalescence housing unit to heal for 6+ weeks . . . and required the assistance of another inmate to help him write the letters to the Wardens . . . and the grievances

once he was able to submit them." MSJ R. & R. at PageID.1674. Thus, the Court overrules this part of the objection.

Defendants also argue that Wolfenbarger's grievance failed to name the officials against whom he grieves. Obj. at PageID.1717–1718. Defendants assert that Michigan Department of Corrections (MDOC) policy requires inmates to identify by name the officers about whom the grievance refers. Obj. at PageID.1718. However, as the R. & R. identified, courts in this district have repeatedly held that the name requirement is satisfied if the grievance provides a sufficient description of the official. Johannes v. Washington, No. 14-11691, 2016 WL 1253266, at *9 (E.D. Mich. Mar. 31, 2016) ("[C]ourts will find the naming requirement satisfied when the prisoner provides a good-enough description of the officer he seeks to grieve such that grievance responders, in exercising reasonable diligence, can identify the officer even if unnamed.") (emphasis in original); Calhoun v. Hill, No. 07-11613, 2008 WL 4277171, at *3 (E.D. Mich. Sept. 17, 2008) (noting that a court "may excuse a prisoner's failure to identify by name a particular defendant in a grievance when it is obvious from the facts alleged in the grievance that the defendant was involved"). The R. & R. properly found that Wolfenbarger provided sufficient detail in his grievance that MDOC could determine against whom he grieved. Thus, a specific name is not necessary.

Objection 3 is overruled.

### B. Motion to Dismiss R. & R.

#### 1. Objection 1

Defendants first object to the R. & R. because it did not dismiss Chrisman, Rurka, John Doe 1 and John Doe 5 from Count 6, which is a state-law claim. MTD R. & R. at PageID.1794. Defendants contend that because the federal claims against these particular Defendants are

dismissed, the Court should not exercise supplemental jurisdiction over the remaining state-law claim. Id.

However, there are federal claims remaining as to other Defendants in this case. MTD R. & R. at PageID.1783 (Count IV First Amendment retaliation and Count 9 Eighth Amendment deliberate indifference). As Defendants concede, there is a split in authority within the Sixth Circuit as to whether courts should exercise supplemental jurisdiction under these circumstances. See Waller v. OhioHealth Corp., No. 25-cv-672, 2026 WL 1911467, at *7 (S.D. Ohio July 2, 2026) (exercising supplemental jurisdiction); Kiekisz v. Cuyahoga Cnty. Bd. of Comm'rs, No. 21-cv-00264, 2021 WL 5193985, at *8 (N.D. Ohio Nov. 9, 2021) (exercising supplemental jurisdiction); Patterson v. City of Clarksville, No. 23-cv-00682, 2025 WL 3048999, at *18–19 (M.D. Tenn. Oct. 31, 2025) (declining to exercise supplemental jurisdiction).

Given this split, the Court cannot find that the R. & R. misapplied the law. The Court overrules Objection 1.

**2. Objection 2**

Defendants' second objection is that the R. & R. erred when it failed to dismiss Wolfenbarger's request for declaratory relief regarding his dismissed Fourteenth Amendment claim. MTD Obj. at PageID.1797.

The Court sustains this objection. The R. & R. recommends dismissing Wolfenbarger's Fourteenth Amendment claim. MTD R. & R. at PageID.1773–1776. Wolfenbarger did not object to this conclusion, nor does the Court see any error in this conclusion. Thus, the declaratory relief related to Wolfenbarger's Fourteenth Amendment claim should also be dismissed.

**3. Objection 3**

Defendants' third objection is that the R. & R. erred when it did not dismiss Wolfenbarger's two requests for injunctive relief that he be housed in a permanent single cell and be provided with reconstructive oral surgery. MTD Obj. at PageID.1798. According to Defendants, Wolfenbarger's requests for injunctive relief cannot be sustained because they are directed at Washington, and the MTD R. & R. recommends that she be dismissed from the case. MSJ R. & R. at PageID.1687–1688. Defendants argue that because Washington was the only defendant sued in her official capacity—the only capacity in which an official may be sued for injunctive relief under 42 U.S.C. § 1983—Wolfenbarger's two requests for injunctive relief that related to Washington must be dismissed. Id. at PageID.1799.

The Court agrees with Defendants. Because only Washington was sued in an official capacity, Wolfenbarger cannot seek injunctive relief against any of the remaining Defendants.

Objection 3 is sustained.

**4. Objection 4**

Defendants' fourth objection is that the R. & R. failed to address their arguments regarding the vagueness of Wolfenbarger's retaliation claims. MTD R. & R. at PageID.1800–1801. The R. & R. did not address this argument because it recommended that the claims included in this argument be dismissed in the MSJ R. & R. on exhaustion grounds. MTD R. & R. at PageID.1747–1748, n.5; MSJ R. & R. at PageID.1690–1691. Defendants argue that because the MSJ R. & R. is still pending, there is a chance that the Court will not adopt the recommendation. MTD Obj. at PageID.1800.

Because the Court is dismissing the retaliation claims on exhaustion grounds, Objection 4 is overruled, as moot.

**5. Objection 5**

Defendants' fifth objection is that the R. & R. erroneously denied qualified immunity with respect to the Defendants named in Count 4. MTD Obj. at PageID.1801. Defendants argue that the R. & R. erred for two reasons. First, Defendants argue that the R. & R.'s analysis for denying qualified immunity—that they "present[ed] no rationale to support their argument that, regardless of whether Defendants' organized the retaliatory attack, the fact that it occurred at a different prison renders them immune from liability[]"—impermissibly shifts the burden of proof to Defendants. Id. And that once a defendant raises a qualified immunity defense, plaintiff bears the burden of alleging facts sufficient to show a clearly established constitutional violation occurred. Id. Second, Defendants argue that the R. & R. incorrectly concludes that they violated a clearly established constitutional right because Wolfenbarger has not identified authority that states that they cannot "transfer [Wolfenbarger] to the same security level but housed with other prisoners waiting to transfer to high security levels." Id. at PageID.1802.

Defendants are correct that Wolfenbarger bears the burden of establishing that his alleged constitutional violation was clearly established in order to defeat qualified immunity. Phillips v. Roane Cnty., 534 F.3d 531, 538 (6th Cir. 2008). However, for a long time in the circuit, it is clearly established that a prison official cannot retaliate against an inmate, by transferring them, for filing grievances. See Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir. 1996) (finding a constitutional violation for retaliating against an inmate for filing grievances); Hill v. Lappin, 630 F.3d 468, 473 (6th Cir. 2010) (finding that transferring an inmate for filing grievances is a constitutional violation). Defendants' argument that they are entitled to qualified immunity unless Wolfenbarger identifies caselaw "holding that officials at one prison can be held liable for an alleged retaliatory attack at another prison" is too narrow. Wolfenbarger need not identify "a case directly on point" just that the "constitutional question [is] beyond debate." See Mullenix v. Luna,

577 U.S. 7, 11–12 (2015) (punctuation modified). The R. & R. properly found that he has done so. MTD R. & R. at PageID.1759.

Objection 5 is overruled.[3]

## III. CONCLUSION

For the reasons stated above, the Court (i) adopts the MSJ R. & R. in part and denies it in part (Dkts. 91, 93); (ii) sustains in part and overrules in part Defendants' objections (Dkt. 94); and (iii) grants in part and denies in part Defendants' motion for summary judgment (Dkt. 75). The Court also (i) adopts in part and denies in part the MTD R. & R. (Dkt. 96); (ii) sustains in part and overrules in part Defendants' objections (Dkt. 95); and (iii) grants in part and denies in part Defendants' motion to dismiss (Dkt. 74).

**SO ORDERED.**

Dated: September 30, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager

[3] The Court is unsure whether a ruling on Objection 5 may be moot. Regarding Objection 2 to the MSJ R. & R., the Court found that the R. & R. erred in finding that LCF-325 exhausted a number of Counts, including Count 4. In sustaining Objection 2, the Court is dismissing Count 4. It would thus seem that Objection 5 to the MTD R. & R., which pertains to Count 4, is moot. The magistrate judge should clarify this issue and advise the Court if a further ruling is required.